UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------x
THADDEUS HARDY,                       :
                                      :    CASE NO.:
          Plaintiff,                  :
                                      :    Judge:
vs.                                   :
                                      :
                                      :    Magistrate:
                                      :
NUNEZ INVESTMENTS 2 LLC and           :
FRENCH PRESS COFFEE LLC,              :
                                      :
          Defendants.                 :
---------------------------------------------------------x

## COMPLAINT

Plaintiff, THADDEUS HARDY, by and through his undersigned counsel, hereby files this Complaint and sues NUNEZ INVESTMENTS 2 LLC and FRENCH PRESS COFFEE LLC (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

1

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, THADDEUS HARDY, (hereinafter referred to as "MR. HARDY"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. HARDY resides in Orleans Parish at 2100 Clio Street, New Orleans, Louisiana 70113.

6. MR. HARDY is a qualified individual with a disability under the ADA and the LCHR. MR. HARDY is a paraplegic due to spinal cord injury.

7. Due to his disability, MR. HARDY is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, NUNEZ INVESTMENTS 2 LLC, a Louisiana limited liability company doing business in Jefferson Parish, is the owner of the real properties and improvements which are the subject of this action, to wit: French Press Coffee House, 3236 Williams Boulevard, Kenner, LA 70065 (hereinafter referred to as "the Property").

9. Upon information and belief, FRENCH PRESS COFFEE LLC a Louisiana limited liability company doing business in Jefferson Parish, operates the business, French Press Coffee House, which is the subject of this action, located at 3236 Williams Boulevard, Kenner, LA 70065.

10. Upon information and belief, the Property is a coffee shop.

11. Mr. HARDY has visited the Property to eat and drink.

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. HARDY realleges and reavers the Paragraphs above as if they were expressly restated herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 3236 Williams Blvd, Kenner, LA 70065.

16. Mr. Hardy drives for Uber and is frequently near the Property.

17. Upon information and belief, MR. HARDY has visited the Property and desires to visit the Property again in the future.

18. Upon information and belief, MR. HARDY'S most recent visit to the Property prior to filing this original Complaint was on August 19, 2025.

19. During this visit, MR. HARDY encountered multiple physical barriers which made it difficult for him to access the goods, services and accommodations located at the Property.

20. MR. HARDY continues to desire to visit the Property but fears that he will encounter the same barriers to access which are the subject of this action.

21. MR. HARDY lives within a close geographic proximity of the Property. MR. HARDY'S home is less than thirteen miles from the Property.

22. MR. HARDY plans on returning to the Property to eat and drink, but fears that he will encounter the same barriers to access which are the subject of this action.

23. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*.

and 28 C.F.R. § 36.302 *et seq*. and are discriminating against MR. HARDY due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

- A. The access aisle that serves the designated-accessible parking space at the Property contains improper changes in level where it meets the curb ramp;
- B. The curb ramp at the Property contains an improper slope;
- C. The designated-accessible parking space contains improper changes in level and gaps;
- D. There are no accessible tables located on the Property's patio;
- E. The rear grab bar in the men's restroom is too small;
- F. The mirror and coat hook in the designated-accessible restroom are located too high off the finished floor;
- G. There is an impermissibly high threshold at the Property's entrance; and
- H. Other mobility-related ADA barriers to be identified following a complete inspection.

24. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

25. Upon information and belief, removal of the discriminatory barriers to access located on

26.     the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

26. Upon information and belief, removal of the barriers to access located on the Property would provide MR. HARDY with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

27. MR. HARDY has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. HARDY is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

28. MR. HARDY repeats and realleges all preceding paragraphs in support of this claim.

29. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

30. At all times relevant to this action, MR. HARDY has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

31. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and

accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

32. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

33. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

34. DEFENDANTS discriminated against MR. HARDY, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 23 of this Complaint.

35. MR. HARDY deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

36. MR. HARDY is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

**PRAYER FOR RELIEF**

WHEREFORE, MR. HARDY demands judgment against DEFENDANTS, and requests

the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property owned by DEFENDANTS is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. HARDY pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. HARDY pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DEREUS (LA # 35105)
EVA M. KALIKOFF (LA # 39932)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com
gdereus@bizerlaw.com
eva@bizerlaw.com